UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER SHERBY<br>38 Chestnut Avenue<br>Bala Cynwyd, PA 19004<br><br>Plaintiff,<br><br>v.<br><br>TE CONNECTIVITY, TYCO<br>ELECTRONICS CORPORATION, LTD<br>2100 Paxton Street<br>Harrisburg, PA 17111<br>    and<br>ALAN L. SMITH<br>c/o TE CONNECTIVITY, TYCO<br>ELECTRONICS CORPORATION, LTD<br>2100 Paxton Street<br>Harrisburg, PA 17111<br>    Defendants. | CIVIL ACTION<br><br>CASE NO.:15-6076<br><br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Jennifer Sherby (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against TE Connectivity, Tyco Electronics Corporation, LTD, and Alan Smith (hereinafter referred to as "Defendants" unless indicated otherwise) and avers as follows:

### INTRODUCTION

1.  Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*) as amended by the Pregnancy Discrimination Act ("PDA"), and the Family and Medical Leave Act ("FMLA" - 29

U.S.C. §§2601 *et. seq.*).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the Title VII/PDA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff intends to amend the instant lawsuit to include claims under the Pennsylvania Human Relations Act ("PHRA") if and when such claims become administratively exhausted. Plaintiff's claims under the PHRA will mirror her federal claims as set forth herein.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant entity is an international business entity which designs and manufactures various electronic devices and components.

9. Defendant Alan L. Smith, a Vice President within Defendant entity, was Plaintiff's most recent supervisor, who had the ability to exercise substantial control over the terms and conditions of Plaintiff's employment; at all relevant times, Defendant Smith acted in the interests of Defendant entity.

10. At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed with Defendant entity for approximately 3.5 years.

13. During her employment with Defendant entity, Plaintiff worked in a human resources capacity and was promoted twice.

14. Plaintiff's final position with Defendant entity was Global Program Manager.

15. In Plaintiff's position as Global Program Manager, she telecommuted from her residence 100% of the time.

16. In or about March of 2013 (following a February 2013 announcement), Plaintiff began being supervised by Defendant Alan Smith (a Vice President).

17. Plaintiff was approximately 7-8 months pregnant at the time that Defendant Smith began to supervisor her.

18. Upon information and belief, Defendant Smith knew that Plaintiff was in an advanced stage of her pregnancy immediately upon commencing direct supervision of her through conversations, her appearance, and the fact that he had been an indirect supervisor of her previously.

19. Despite Plaintiff's exemplary performance record and multiple promotions, Defendant Smith specifically memorialized he was going to manage Plaintiff out of her position upon becoming her supervisor.

20. Defendant Smith also exhibited hostility towards Plaintiff's pregnancy including but not limited to repeatedly questioning Plaintiff about her ability to work from home with an infant and questioning Plaintiff's ability to focus or complete work in light of her anticipated child birth.

21. Plaintiff took a maternity leave from in or about April of 2014 through in or about July of 2014, a leave which was FMLA-qualifying.

22. Upon returning from her FMLA-qualifying maternity leave, Plaintiff was not reinstated to the same or similar position.

23. Instead of returning Plaintiff to her position, Defendant Smith mandated that Plaintiff physically commute to Harrisburg, Pennsylvania, at least 3 days per week.

24. Plaintiff lived approximately two (2) hours away from Harrisburg, which would result in a four hour round trip every day that she went into the Harrisburg office.

25. Plaintiff was unable to work in the position due to the expense, time or burden of such a daily commute, and thus her position was terminated (and/or constructively terminated).

26. Plaintiff's last physical day of work for Defendant entity was on or about September 12, 2014.

27. Upon information and belief, Plaintiff was replaced by a male who was permitted to telecommute 100% of the time and was not required to travel to Harrisburg even once a week.

28. Plaintiff believes and therefore avers that she was discriminated against and terminated (and/or constructively terminated) because of her gender/pregnancy, and that Defendants committed violations of the FMLA as outlined *infra*.

### First Cause of Action
### Violations of Title VII/PDA
**(Wrongful Termination - Pregnancy Discrimination as to Defendant entity only)**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Defendant entity is an "employer" within the meaning of the Title VII/PDA because, at all times relevant herein, Defendant entity has employed at least fifteen (15) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant entity.

31. Plaintiff is qualified under the Title VII/PDA for protection because she was pregnant.

32. Plaintiff was terminated because of her pregnancy.

33. Defendant entity's action of terminating Plaintiff because of her pregnancy constitutes a violation of Title VII/PDA.

5

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### - Interference and Retaliation –
### (Against all named Defendants)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

36. Plaintiff requested maternity leave from Defendant entity, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

37. Plaintiff had at least 1,250 hours of service with the Defendant entity during her last full year of employment.

38. Defendant entity is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

39. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave.

40. Plaintiff took FMLA-qualifying leave from on or about April of 2014 through in or about July 2014 for the birth of her son.

41. Upon her return to work, Plaintiff was not reinstated to the same position, but was instead informed that her job would involve commuting to Harrisburg up to three (3) times a week, and further that she had no choice in the matter or her position would be back-filled.

42. Due to Plaintiff's drastic change in job duties, including substantial travel and associated expenses, Plaintiff had no meaningful choice but to resign, and was thus constructively discharged.

43. Upon information and belief, Defendant Smith orchestrated Plaintiff's termination, demanding that she commute three (3) times a week upon her return from maternity leave, and refusing to allow her to resume her job duties as normally and customarily assigned prior to her FMLA leave.

44. After Plaintiff's termination, another individual was retained to fulfill Plaintiff's job responsibilities, and this individual was not required to perform the same commute as was requested of Plaintiff.

45. Therefore, Plaintiff believes that her FMLA leave was a motivating factor in Defendants' decision not to re-instate to her to her original position, and prompted her constructive discharge.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages, and/or liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

/s Christine E. Burke

Christine E. Burke, Esq.
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suit 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 8, 2016

8