UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER SHERBY, | Honorable Michael M. Baylson |
| Plaintiff, | Case No. 2:15-cv-06076-MMB |
| | *Document Filed Electronically* |
| v. | |
| TE CONNECTIVITY, TYCO ELECTRONICS CORPORATION, LTD, and ALAN L. SMITH | |
| Defendant. | |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

THIS MATTER, having been opened to the Court by the parties for the entry of a Stipulated Discovery Confidentiality Order, the terms of which shall govern the pretrial production, pretrial disclosure, and return of documents and information identified by the parties as confidential in accordance with the standards set forth in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), and it appearing that discovery in the above captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

### W I T N E S S E T H

WHEREAS, Plaintiff, Jennifer Sherby ("Plaintiff"), filed a lawsuit against Defendants, Tyco Electronics Corporationand Alan L. Smith ("Smith") (collectively, "Defendants") (all collectively hereinafter referred to as "the Parties");

WHEREAS, Plaintiff and Defendants may exchange documents or information, submit documents and/or information, and/or present evidence or other information through testimony, affidavit, declaration, certification, documents, demonstrative aids, compilations and/or summaries during the above-captioned lawsuit; and

WHEREAS, documents or information exchanged, documents and/or information submitted to the Court, and/or evidence or other information presented through testimony, affidavit, declaration, certification, documents, demonstrative aids, compilations and/or summaries during the lawsuit may contain matters or information that a Party desires to keep private and confidential, including, but not limited to, employment records of certain non-parties, which records are likely to contain personal, private information;

WHEREAS, the Parties therefore agree that discovery in this litigation is expected to include information the disclosure of which could violate the competitive interests of the Parties and/or personal privacy interests of third parties, and that this Order will promote fairness and efficiency in the conduct of discovery, and that good cause accordingly exists for the entry of this Order;

NOW THEREFORE this Stipulated Discovery Confidentiality Order ("Confidentiality Agreement") is agreed to and entered into by and between the Parties, and is made to facilitate and govern the production and handling of confidential documents and information, including deposition testimony, produced or disclosed in connection with the referenced action as follows:

1. "Documents" shall mean any documents, records, information, or data in any form, including electronically-stored information, videotapes, recordings, and memoranda produced or used in this lawsuit and shall include the original and any copy of such document.

2. "Confidential Information" shall include: (a) documents or other information produced by any Party in the above-captioned litigation and designated as "confidential" and (b) to the extent applicable, any information revealed during discovery and designated as "confidential" by a Party. Confidential Information shall also mean all documents, information, and knowledge in any form related to the legal, business, employment, and/or financial history,

condition, status, or transactions of any Party, or any of its clients, consultants, experts, advisors, attorneys, agents, employees, representatives, partners, or associates, regardless of whether the documents, information, or knowledge was acquired in the past or acquired in the future. Confidential Information shall include all personnel and payroll information, including, but not limited to, discipline records, performance records, salary and compensation records, assessments, evaluations, and documents containing personal information pertaining to certain non-parties, relating to any current or former employee of TE, other than Plaintiff. Confidential Information shall also include medical information, Social Security numbers, financial information (including information relating to welfare benefits), and information obtained from social media which is not generally available to the public.

3. Any Confidential Information in the form of Documents produced, provided, disclosed, or otherwise made available by a party and marked or otherwise designated by a party or by the nature of this Confidentiality Agreement as "Confidential" shall be held in confidence by and between the parties and their attorneys, as described in Paragraph 5 of this Confidentiality Agreement, and before any Party discloses Confidential Information to any person authorized to receive such Confidential Information under this Confidentiality Agreement, that Party shall provide such person with a copy of this Order and ensure that such person sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

4. Any testimony (including affidavits, declarations, certifications, live testimony, etc.) regarding Confidential Information provided by or on behalf of a party, and designated as

"Confidential," shall be held in confidence by and between the Parties and their attorneys, as described in Paragraph 5 of this Confidentiality Agreement.

(a) Designation of affidavit, declaration, or certification testimony as being confidential shall be by paragraph number, page number, or other reasonable identifying method, and shall be made by or on behalf of the designating party at the time the affidavit, declaration, or certification is filed with the Court or provided to another Party.

(b) Designation of live testimony as being confidential shall be by transcript volume and page number, or other reasonable identifying method, and shall be made by or on behalf of the designating party during the presentation of live testimony.

(c) Designation of Confidential or redaction of material by the producing party may be modified or eliminated by the producing party by providing written notice to counsel for all other parties. The parties agree to address within twenty (20) business days of receiving written notice how to redesignate any previously disclosed material.

5. Confidential Information, including information derived therefrom, shall be treated as confidential and shall not be disclosed in any manner to any person or entity except:

(a) The United States District Court, Eastern District of Pennsylvania (filed *in camera* or under seal, as permitted by the Court, or otherwise pursuant to Paragraph 11, but only as permitted by the designating Party after consultation with counsel for the designating Party or required by the Court);

(b) Stenographic reporters engaged in connection with the lawsuit (if any);

(c) Counsel to a Party, attorneys employed in the same firm with counsel to a Party, and clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with this lawsuit;

(d) Any appellate court having subject matter jurisdiction over this action, provided that a Party disclosing, providing, or filing any Confidential Information shall apply to such court to have such Confidential Information sealed or otherwise protected from public disclosure unless the parties agree that the information at issue may be filed with the Court;

(e) Officers, directors, or employees of any Party, and consultants or experts assisting a party in the evaluation, prosecution, or defense of this action,

provided that such persons agree to comply with the terms of this Confidentiality Agreement; and

(f) Any witnesses appearing or preparing to appear at any hearing, including a deposition and trial, provided that such witness is apprised of the terms of this Confidentiality Agreement and signs an agreement to be bound by this Order in the form attached hereto as Exhibit A.

6. Upon the written request of the Party producing or otherwise providing any Confidential Information, at the conclusion of this action, the other Party shall either (a) return or (b) certify the destruction of all Confidential Information produced or otherwise provided by the requesting Party, including all reproductions that may have been made of any such information contained in such Confidential Information at the requesting Party's expense. This paragraph is inapplicable to Documents filed with, or testimony given before, the Court or court of competent jurisdiction.

7. Should a dispute arise as to the claimed confidentiality of any document(s), materials or responses to written discovery, or of any deposition testimony, the Party disputing the designation shall move for a ruling by the Court on the propriety of the designation, setting forth the reasons for disputing the designation. Such motion shall contain a representation that the Parties have conferred and were unable to resolve the dispute. Any such dispute shall not be grounds for an objection to or refusal to permit discovery. During the pendency of the disputing Party's motion and any appeal on the court's decision on such motion, the document(s) or testimony shall be deemed "Confidential" as designated and shall be covered by the provisions of this Order.

8. This Confidentiality Agreement contains the sole, complete and entire agreement and understanding of the Parties concerning the matters contained in this Confidentiality Agreement and may not be altered, modified, changed, or amended in any manner except by a writing duly executed by all of the Parties to this Confidentiality Agreement or by the Court.

9. This Confidentiality Agreement shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legatees, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

10. At no time do the Parties intend to disclose information subject to a claim of attorney-client privilege, work product protection, or any other privilege or protection. If, nevertheless, a Party ("Disclosing Party") inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information") to another Party ("Receiving Party"), the following provisions will apply:

   (a) The disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter;

   (b) If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall immediately cease using, copying, or distributing the Inadvertently Disclosed Information, and shall return or certify the destruction of, within five (5) calendar days, all copies of such information, including any document created by the Receiving Party based upon such information to the Disclosing Party; and

   (c) If a Receiving Party receives material that it believes is Inadvertently Disclosed Information, the Receiving Party must notify the Disclosing Party that it believes there has been disclosure of Inadvertently Disclosed Information. If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the requirements of Paragraph 10(b) shall apply.

   (d) The Receiving Party may apply to the Court for an order permitting it to retain and use the Inadvertently Disclosed Information. Such application must be made within five (5) calendar days after the Disclosing Party first provides notice to the Receiving Party of the Inadvertently Disclosed Information.

11. Should the Receiving Party wish to file a document that has been marked as Confidential by the Disclosing Party in the record, the Receiving Party agrees to confer with the Disclosing Party in a good faith effort to resolve the preferred method of filing by agreement prior to filing the Confidential document into the public record.

12. Similarly, before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to confer in good faith to resolve the objection by agreement.

13. The delay or failure of a Party to exercise any right, power or privilege hereunder, or failure to strictly enforce any breach or default shall not constitute a waiver with respect thereto. The waiver of any right, power, privilege, breach or default by a Party on any one occasion shall not constitute a waiver of such right, power, privilege, breach or default on a subsequent occasion.

14. This Confidentiality Agreement may be executed in multiple counterparts, all of which together shall constitute one and the same instrument.

15. Should any part of this Confidentiality Agreement be held unenforceable or in conflict with any laws pertaining to this Confidentiality Agreement, the validity of the remaining parts or provisions of this Confidentiality Agreement shall not be affected by such determination.

16. This Confidentiality Agreement shall be effective between the Parties whether or not the Court enters the Confidentiality Agreement as an Order.

17. Nothing in this Confidentiality Agreement shall restrict or limit a Party from disclosing or disseminating documents or Confidential Information produced or otherwise provided by that Party.

18. Each of the Parties represents that the person executing this Confidentiality Agreement on its behalf has the full authority and power to execute for and bind such Party.

19. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

AGREED this 9 day of June, 2016.

_____
Christine Burke, Esq.
Karpf, Karpf & Cerutti, P.C.
Attorneys for Plaintiff

_____
Brian D. Lee, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorneys for Defendants

Dated: 6/9/16

Dated: 6/9/16

The foregoing Stipulated Discovery Confidentiality Order is approved as an Order of the Court.

**IT IS SO ORDERED.**

Dated: _____

_____
Michael M. Baylson, J.
Senior United States District Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter pending in the United States District Court for the Eastern District of Pennsylvania, entitled *Jennifer Sherby v. TE Connectivity, et al.*, No. 2:15-cv-06067-MMB, have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____

Signed in the presence of:

_____

Dated:                                               (Attorney)